**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARCEY CURTIS,<br><br>        Plaintiff,<br><br>    v.<br><br>AT HOME GROUP INC., LEWIS L. BIRD III, STEVE K. BARBARICK, WENDY A. BECK, PAULA L. BENNETT, JOHN J. BUTCHER, ELISABETH B. CHARLES, JOANNE C. CREVOISERAT, PHILIP L. FRANCIS, and KENNETH M. SIMRIL,<br><br>        Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br><br>**JURY TRIAL DEMAND** |

Plaintiff Marcey Curtis ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1.     Plaintiff brings this action against At Home Group Inc. ("At Home" or the "Company") and At Home's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14d-9, 17 C.F.R. 240.14d-9, arising out of the Board's attempt to sell the Company to Hellman & Friedman ("H&F").

2.     Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading solicitation statement (the "14D-9") to be filed with the Securities and Exchange Commission ("SEC") on June 22, 2021. The 14D-9 recommends that At Home stockholders tender their shares in favor of a proposed transaction (the "Proposed Transaction") whereby At Home is acquired by H&F. The Proposed Transaction was first

disclosed on May 6, 2021, when At Home announced that it had entered into a definitive merger agreement, later amended on June 16, 2021, with affiliates of H&F (the "Merger Agreement"). Pursuant to the Merger Agreement, H&F will acquire all of the outstanding shares of common stock of At Home for $37.00 per share (the "Merger Consideration").

3.      The 14D-9 is materially incomplete and contains misleading representations and information in violation of Sections 14(e) and 20(a) of the Exchange Act. Specifically, the 14D-9 contains materially incomplete and misleading information concerning the sales process, financial projections prepared by At Home management, as well as the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"), At Home's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing any amendment to the 14D-9, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to At Home's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of At Home.

6.      Defendant At Home is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 1600 East Plano Parkway, Plano, Texas 75074. At Home common stock trades on NYSE under the ticker symbol "HOME."

7.      Defendant Lewis L. Bird III has been CEO and a director of the Company since

2012. Defendant Bird has served as Chairman of the Board since 2017.

8.      Defendant Steve K. Barbarick has been a director of the Company since 2018.

9.      Defendant Wendy A. Beck has been a director of the Company since 2014.

10.     Defendant Paula L. Bennett has been a director of the Company since 2018.

11.     Defendant John J. Butcher has been a director of the Company since 2020.

12.     Defendant Elisabeth B. Charles has been a director of the Company since 2016.

13.     Defendant Joanne C. Crevoiserat has been a director of the Company since 2019.

14.     Defendant Philip L. Francis has been a director of the Company since 2015. Defendant Francis has served as Independent Lead Director since 2020.

15.     Defendant Kenneth M. Simril has been a director of the Company since 2020.

16.     Defendants Bird, Barbarick, Beck, Bennett, Butcher, Charles, Crevoiserat, Francis, and Simril are collectively referred to herein as the "Board" or "Individual Defendants."

17.     Nonparty H&F is a private equity firm with offices located in San Francisco, New York and London.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(e) and 20(a) of the Exchange Act.

19.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. §

78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took

place and had an effect in this District.

**FURTHER SUBSTANTIVE ALLEGATIONS**

**A.  Background of the Company and the Proposed Transaction**

21.     At Home, founded in 1979, is a home décor store with 219 locations across 40

states. The Company's two distribution centers can support more than 350 locations, with the

potential to expand to 600 stores. All of the stores open at the beginning of fiscal year 2021 (which

began in February 2020) were profitable, and each store open longer than one year had $8 million

in net sales. In total, the Company had net sales of $1.7 billion in fiscal year 2021, compared to

net sales of $1.3 billion in fiscal year 2020 and $1.1 billion in fiscal year 2019.

22.     On May 6, 2021, the Company entered into the Merger Agreement with H&F,

which was later amended on June 16, 2021.

23.     According to the press release issued on May 6, 2021, announcing the Proposed

Transaction:

**At Home Group Inc. to be Acquired by Hellman & Friedman for $2.8 Billion**

*At Home Stockholders to Receive $36.00 Per Share in Cash*

PLANO, Texas – May 6, 2021 – At Home Group Inc. (NYSE: HOME), the home décor superstore, today announced that it has entered into a definitive agreement to be acquired by funds affiliated with Hellman & Friedman (H&F), a premier global private equity firm, in an all-cash transaction valued at $2.8 billion, including the assumption of debt.

Under the terms of the agreement, At Home stockholders will receive $36.00 per share in cash, which represents a premium of approximately 17% to the Company's closing stock price of $30.67 on May 4, 2021, the last trading day prior to media speculation regarding a possible transaction, and a premium of approximately 25% to the 30-day volume weighted average share price.

Phil Francis, At Home's Lead Independent Director and Chair of the Special

Committee of the Board of Directors, said "After a thorough evaluation and diligent and thoughtful deliberations in consultation with our independent advisors, we are pleased to reach this agreement, which provides stockholders with immediate and substantial value for their investment. The Special Committee and the Board considered the current state of the business, its outlook and opportunities, and believe this transaction is the optimal path forward and in the best interest of our stockholders."

Lee Bird, Chairman and Chief Executive Officer of At Home, said, "As we enter the next chapter for our company, H&F is the ideal partner to advance our At Home 2.0 long term strategy. Together with H&F, we will have the resources and flexibility to provide our customers with a differentiated experience that meets their evolving needs. This transaction is a testament to the achievements of our team members, and I would like to thank each of them for all they do each day to contribute to the success of At Home."

Erik Ragatz, Partner at H&F, said, "As the leading value retailer of home décor offering unmatched breadth and depth of product assortment at everyday low prices, At Home is well positioned to continue its long track record of store expansion and growth. At Home's differentiated, low-cost operating model is disruptive to the traditional home channels and provides a strong opportunity for market share gain. This acquisition is consistent with Hellman & Friedman's strategy to invest in market-leading businesses with substantial runway for growth, and we are looking forward to partnering with At Home's talented management team to help capture the significant market opportunity in front of the Company."

**Approvals and Timing**

The transaction was negotiated on behalf of At Home by a Special Committee of its Board of Directors composed entirely of independent directors with the assistance of independent financial and legal advisors. Following the Special Committee's unanimous recommendation, At Home's Board of Directors unanimously approved the merger agreement and has recommended that At Home's stockholders adopt and approve the merger agreement and the transaction.

The transaction is expected to close in the third quarter of calendar year 2021, subject to the satisfaction of customary closing conditions, including the approval of At Home's stockholders and expiration of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976. The transaction is not subject to a financing condition. Upon completion of the transaction, At Home will become a privately-held company and At Home's shares will no longer trade on The New York Stock Exchange.

Under the terms of the agreement, At Home may solicit alternative acquisition proposals from third parties during a 40-day "go-shop" period following the date of execution of the merger agreement. There can be no assurances that the "go-

shop" will result in a superior proposal. At Home does not intend to disclose developments related to the solicitation process until it determines whether such disclosure is appropriate or is otherwise required. The agreement provides H&F with a customary right to match any superior proposal.

**B.  The Materially Incomplete and Misleading 14D-9**

24.     The Individual Defendants must disclose all material information regarding the Proposed Transaction to At Home stockholders so that they can make a fully informed decision whether to tender their shares in favor of the Proposed Transaction.

25.     On June 22, 2021, Defendants filed the 14D-9 with the SEC. The purpose of the 14D-9 is, inter alia, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to tender their shares in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether or not to tender her shares in favor of the Proposed Transaction.

*Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts*

26.     The 14D-9 discloses management-prepared financial projections for the Company which are materially misleading. The 14D-9 indicates that in connection with the rendering of Goldman Sachs's fairness opinion, Goldman Sachs reviewed "certain internal financial analyses and forecasts for the Company prepared by its management." Accordingly, the 14D-9 should have, but failed to, provide certain information in the projections that At Home's management provided to the Board and Goldman Sachs.

27.     Notably, Defendants failed to disclose the unlevered free cash flows for 2022 through 2026 in the February 2021 Management Projections, as well as the line items underlying the projected unlevered free cash flows. The 14D-9 also fails to disclose the line items underlying Adjusted EBTIDA in the February 2021 Management Projections and the April 2021 Management

Projections. Furthermore, the 14D-9 fails to disclose when the February 2021 Management Projections were finalized, reviewed and approved. And the 14D-9 fails to disclose the revised assumptions for the April 2021 Management Projections. This omitted information is necessary for Plaintiff to make an informed decision on whether to tender her shares in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs's Financial Analyses*

28.     With respect to the *Illustrative Discounted Cash Flow Analysis,* the 14D-9 fails to disclose the terminal value of the Company. The 14D-9 also fails to disclose the Company's net debt and fully diluted outstanding shares.

29.     With respect to the *Illustrative Present Value of Future Share Price Analysis*, the 14D-9 fails to disclose the basis for selecting the discount rate of 10.7%. In addition, the 14D-9 does not disclose the Company's fully diluted outstanding shares or the Company's projected net debt for fiscal years 2022 to 2024.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

30.     The 14D-9 also fails to disclose material information concerning the sales process.

31.     For example, the 14D-9 fails to state whether the confidentiality agreements entered into with potential bidders contained DADW standstill provisions that are presently precluding these parties from making a topping bid for the Company.

32.     The disclosure of the terms of any standstill provisions is crucial to At Home stockholders being fully informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

33.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, stockholders were

not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

34.     In addition, the Individual Defendants knew or recklessly disregarded that the 14D-9 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

35.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the 14D-9 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the 14D-9 omits the material information referenced above and contains the incomplete and misleading information referenced above.

36.     Further, the 14D-9 indicates that on May 6, 2021, Goldman Sachs reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to At Home stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman Sachs's financial analyses which has been omitted from the 14D-9, and thus knew or should have known that such information has been omitted.

37.     Plaintiff is immediately threatened by the wrongs complained of herein and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Plaintiff will continue to suffer absent judicial intervention.

**CLAIMS FOR RELIEF**

**COUNT I**

**Against All Defendants for Violations of Section 14(e) of the Exchange Act and Rule 14d-9**

38.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

39.     Defendants have filed the 14D-9 with the SEC with the intention of soliciting At Home stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the 14D-9, which fails to provide the material information referenced above.

40.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of At Home, were aware of the omitted information but failed to disclose such information, in violation of Section 14(e).

41.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. . . ." 15 U.S.C. § 78n(e).

42.     Specifically, and as detailed above, the 14D-9 violates Section 14(e) and Rule 14d-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of At Home shares and the financial analyses performed by Goldman Sachs in support of its fairness opinion; and (iii) the sales process.

43.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the 14D-9 is materially misleading and omits material information that is

necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied

upon the omitted information identified above in connection with their decision to approve and

recommend the Proposed Transaction; indeed, the 14D-9 states that Goldman Sachs reviewed and

discussed its financial analyses with the Board during various meetings including on May 6, 2021,

and further states that the Board relied upon Goldman Sachs's financial analyses and fairness

opinion in connection with approving the Proposed Transaction. The Individual Defendants knew

or should have known that the material information identified above has been omitted from the

14D-9, rendering the sections of the 14D-9 identified above to be materially incomplete and

misleading.

44.     The misrepresentations and omissions in the 14D-9 are material to Plaintiff, who

will be deprived of her right to make an informed decision whether to tender her shares if such

misrepresentations and omissions are not corrected prior to the end of the tender offer. Plaintiff

has no adequate remedy at law. Only through the exercise of this Court's equitable powers can

Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions

threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

45.     Plaintiff incorporates each and every allegation set forth above as if fully set forth

herein.

46.     The Individual Defendants acted as controlling persons of At Home within the

meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of At Home and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the incomplete and misleading statements contained in

the 14D-9 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to the time the 14D-9 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The 14D-9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the 14D-9.

49.     In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The 14D-9 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.     As set forth above, the Individual Defendants had the ability to exercise control

over and did control a person or persons who have each violated Section 14(e) and Rule 14d-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing any amendment to the 14D-9 with the SEC unless and until Defendants agree to include the material information identified above in any such amendment;

B.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the 14D-9;

C.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: July 2, 2021                                      **ROWLEY LAW PLLC**


*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*